**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 26-80395** |
| **JMK5 Abilene LLC** | § | |
| | § | |
| | § | **Chapter 11** |
| | § | |
| **Debtor.** | § | |

**U.S. TRUSTEE'S EXPEDITED MOTION TO CONVERT CASE TO CHAPTER 7**

*The U.S. Trustee Requests that this Motion be considered on or before July 10, 2026*[1]

---

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Expedited relief has been requested. If the Court considers the motion on an expedited basis, then you will have less than 21 days to answer. If you object to the requested relief or if you believe that the expedited consideration is not warranted, you should file an immediate response.**

**Represented parties should act through their attorney.**

---

TO THE HONORABLE JEFFREY P. NORMAN, UNITED STATES BANKRUPTCY JUDGE:

Kevin M. Epstein, the United States Trustee for the Southern District of Texas, moves for an order converting this case pursuant to 11 U.S.C. § 1112(b). In support of this Motion, the U.S. Trustee would respectfully show as follows:

---

[1] This case is related to, but not jointly administered with, Case No. 25-80397, *In re JMK5 Mall of the Mainland LLC.* The U.S. Trustee has filed a motion to convert the related case and requests that both motions be set on the same day.

**SUMMARY OF ARGUMENT**

1.      JMK5 Abilene LLC (the "**Debtor**") does not have insurance coverage, either commercial general liability or property insurance, on its primary asset, a mall located at 1204-1210 Grape Street Abilene, Texas (the "**Abilene Property**") which it believes is worth $3.6 million. According to the Debtor, the property generates $1,600 monthly in rents.[2] Despite having tenants, the Debtor does not maintain a bank account and the U.S. Trustee has no proof a DIP account has been open. The U.S. Trustee has yet to receive any prepetition financial, banking, or tax information. Further, upon information and belief, Plains State Bank has an assignment of rents, but has not filed a cash collateral motion. These failures constitute "cause" but given the value of the property, conversion is in the best interests of creditors. Accordingly, this case should be dismissed.

**JURISDICTION, VENUE &**
**CONSTITUTIONAL AUTHORITY TO ENTER A FINAL ORDER**

2.      The Court has jurisdiction to consider this matter under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper in this district under 28 U.S.C. § 1408.

3.      Kevin M. Epstein is the duly appointed United States Trustee for Region 7 (the "**U.S. Trustee**"), which includes the Southern District of Texas, under 28 U.S.C. § 581(a)(7).

4.      Pursuant to 11 U.S.C. § 307, the U.S. Trustee has standing to raise, appear and be heard on any issue in a case or proceeding under the Bankruptcy Code.

5.      Pursuant to 28 U.S.C. § 586(a)(3), the U.S. Trustee is statutorily obligated to monitor the administration of cases commenced under the Bankruptcy Code, 11 U.S.C. § 101 *et*

---

[2] Schedule G indicates there are three tenants. ECF No. 111 at pp. 16. The Debtor

*seq*. Specifically, the U.S. Trustee is charged with a number of supervisory responsibilities in bankruptcy cases under chapter 11 of the Bankruptcy Code, including monitoring the progress of such cases and taking such actions as the U.S. Trustee deems to be appropriate to prevent undue delay in such progress. 28 U.S.C. § 586(a)(3)(G).

## PROCEDURAL AND FACTUAL BACKGROUND

6.      On June 2, 2026, (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "**Bankruptcy Code**") with the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "**Court**").

7.      The Debtor's primary asset is the Abilene Property valued at $3.6 million. ECF No. 11-1 at pp. 17, 19. The Debtor estimates its liabilities at approximately $3.8 million. *Id*. at p. 19.

8.      The U.S. Trustee has requested financial information but has yet receive any documentation. No cash collateral motion has been filed.

## ARGUMENT

9.      Section 1112(b)(1) of the Code provides that the Court must dismiss or convert, whichever is in the best interests of creditors and the estate, if the movant establishes "cause" unless the Court determines that the appointment of a chapter 11 trustee or examiner is in the best interests of creditors and the estate.[3] 11 U.S.C. § 1112(b)(1).

---

[3] Prior to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act ("**BAPCPA**"), the decision to convert or dismiss a chapter 11 case upon a showing of cause was discretionary. BAPCPA circumscribed a bankruptcy court's discretion by replacing "may" with "shall" and expressly mandating that the court dismiss or convert if the movant establishes cause. *See* 7 Alan N. Resnick, COLLIER ON BANKRUPTCY ¶1112.04[1] (15th ed. rev. 2009); *see also In re Gateway Access Solutions, Inc.*, 364 B.R. 556, 560 (Bankr. M.D. Pa. 2007) noting that under BAPCPA, the statutory language "has been changed from permissive to mandatory. The amendments to section 1112 limit the Court's discretion to refuse to dismiss or convert a chapter 11 case upon a finding of cause."

10.     Under section 1112(b)(4), "cause" includes:

(C)     failure to maintain appropriate insurance that poses a risk to the estate or to the public. . . .

11 U.S.C. § 1112(b)(4).

11.     The Debtor has no commercial general liability or property insurance on the Abilene Property worth $3.6 million.  Maintaining appropriate insurance is a fundamental aspect of a debtor-in-possession's fiduciary duty.   Section 1112(b)(4)(C) of the Bankruptcy Code provides that failure to maintain appropriate insurance constitutes cause to dismiss a case or convert a case to chapter 7.  Without insurance protection, bankruptcy estate is at risk of loss in the event of damage or injury.

## EXPEDITED RELIEF REQUESTED

12.     Debtor is not covered by appropriate insurance.  It is in the best interest of the estate and creditors for the Court to consider this Motion on an expedited basis.  The Abilene Property is frequented by various parties and injuries or other damage could occur at any moment. Accordingly, the U.S. Trustee respectfully requests the Court's expedited consideration of this Motion on or before July 10th, 2026.

## PRAYER

WHEREFORE, cause exists to convert the case pursuant to 11 U.S.C. § 1112(b), and the Court should convert this case.

Date: June 29, 2026                              Respectfully Submitted,

KEVIN M. EPSTEIN
UNITED STATES TRUSTEE
REGION 7, SOUTHERN AND WESTERN
DISTRICTS OF TEXAS

By: */s/ Vianey Garza*
Vianey Garza, Trial Attorney

Tex. Bar No. 24083057/Fed. ID No. 1812278
515 Rusk, Suite 3516
Houston, Texas 77002
(713) 718-4650 – Telephone
(713) 718-4670 – Fax
Email: Vianey.Garza@usdoj.gov

## CERTIFICATE OF ACCURACY PURSUANT TO LOCAL RULE 9013-1(I)

I hereby certify the accuracy of the matters and facts set forth in the foregoing motion.

*/s/ Vianey Garza*
Vianey Garza

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2026 of the foregoing *Expedited Motion to Convert Case to Chapter 7* was served upon all parties entitled to receive notice by CM/ECF.

*/s/ Vianey Garza*
Vianey Garza

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 26-80395** |
| **JMK5 Abilene LLC** | § | |
| | § | |
| | § | **Chapter 11** |
| | § | |
| **Debtor.** | § | |

**ORDER GRANTING UNITED STATES TRUSTEE'S MOTION TO CONVERT CASE**
(Relates to ECF No. __)

CAME ON for consideration the *Expedited Motion to Convert Case to Chapter 7* filed by the United States Trustee in this chapter 11 case.  Due notice and opportunity for hearing having been given to all parties, and it having been shown to the satisfaction of the Court that cause exists under 11 U.S.C. §1112(b), it is hereby

**ORDERED** that:

1.)    This chapter 11 case is CONVERTED to a case under chapter 7.  The Debtor shall

a.) account for and turn over to the chapter 7 Trustee all records and property of the estate under its custody and control as required by Fed. R. Bankr. P. 1019(d);

b.) within 14 days of entry of this Order, file (1) supplemental schedules itemizing changes from the original schedules in property of the estate and in creditor lists, or (2) a statement that there are no changes as required by Bankruptcy Local Rule 1019-1;

c.) within 14 days of entry of this Order, file a schedule of all unpaid debts incurred after the commencement of the chapter 11 case (including the names and addresses of all creditors) as required by Fed. R. Bankr. P. 1019(e)(1)(A);

d.) within 30 days after entry of this order, file a final report and account as required by Fed. R. Bankr. P. 1019(e)(1)(B); and

e.) file a certificate of compliance with the Court upon completion of items a–d above no later than 45 days after the entry of this Order.

2.)       All fee applications for professional services shall be filed within 14 days of the date of entry of this Order.