**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 26-80395** |
| **JMK5 Abilene LLC** | § | |
| | § | |
| | § | **Chapter 11** |
| **Debtor.** | § | |

**U.S. TRUSTEE'S EMERGENCY MOTION TO DISMISS CASE**

*The U.S. Trustee requests that this Motion be considered on or before October 9, 2026*

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Emergency relief has been requested. If the Court considers the motion on an Emergency basis, then you will have less than 21 days to answer. If you object to the requested relief or if you believe that the emergency consideration is not warranted, you should file an immediate response.**

**Represented parties should act through their attorney.**

TO THE HONORABLE ALFREDO R PÉREZ,
UNITED STATES BANKRUPTCY JUDGE:

Kevin M. Epstein, the United States Trustee for the Southern District of Texas, moves for an order dismissing this case pursuant to 11 U.S.C. § 1112(b). In support of this Motion, the U.S. Trustee would respectfully show as follows:

## SUMMARY OF ARGUMENT

1. The U.S. Trustee previously filed an expedited motion to convert this case because. JMK5 Abilene LLC (the "**Debtor**") did not have insurance coverage, either commercial general

liability or property insurance, on its primary asset, a mall located at 1204-1210 Grape Street Abilene, Texas (the "**Abilene Property**") which it believes is worth $3.6 million. ECF No. 13.

2. In July, the Debtor represented that a buyer of the Abilene Property would purchase insurance coverage. On September 2, 2026, that sale fell through. *See* Case No. 26-80397, *In re JMK5 Mall of the Mainland LLC* ECF Nos. 75, 76. As of filing this Motion, the U.S. Trustee has not received proof of insurance.

3. Moreover, the mortgagee on the property, First Bank Texas, filed a secured proof of claim for over $3.7 million which is more than the value of the Abilene Property. Because the Debtor has failed to file a plan, First Bank Texas has a right to relief from the stay and wishes to do so. Accordingly, there is no means of rehabilitation in this case and it should be dismissed.

## JURISDICTION, VENUE & CONSTITUTIONAL AUTHORITY TO ENTER A FINAL ORDER

4. The Court has jurisdiction to consider this matter under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper in this district under 28 U.S.C. § 1408.

5. Kevin M. Epstein is the duly appointed United States Trustee for Region 7 (the "**U.S. Trustee**"), which includes the Southern District of Texas, under 28 U.S.C. § 581(a)(7).

6. Pursuant to 11 U.S.C. § 307, the U.S. Trustee has standing to raise, appear and be heard on any issue in a case or proceeding under the Bankruptcy Code.

7. Pursuant to 28 U.S.C. § 586(a)(3), the U.S. Trustee is statutorily obligated to monitor the administration of cases commenced under the Bankruptcy Code, 11 U.S.C. § 101 *et seq*. Specifically, the U.S. Trustee is charged with a number of supervisory responsibilities in bankruptcy cases under chapter 11 of the Bankruptcy Code, including monitoring the progress of

such cases and taking such actions as the U.S. Trustee deems to be appropriate to prevent undue delay in such progress. 28 U.S.C. § 586(a)(3)(G).

## PROCEDURAL AND FACTUAL BACKGROUND

8. On June 2, 2026, (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "**Bankruptcy Code**") with the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "**Court**").

9. The Debtor identified the case as a "Singe Asset Real Estate" case. ECF No. 1 at 2. The Debtor's primary asset is the Abilene Property valued at $3.6 million. ECF No. 11-1 at 6, Q. 55.

10. The U.S. Trustee previously filed an *Expedited Motion to Convert Case to Chapter 7*. ECF No. 13. The U.S. Trustee believed the motion was resolved by representations that the Abilene Property was under contract and the buyer would purchase insurance coverage. The U.S. Trustee never received proof that the potential buyer purchased insurance.

11. On September 2, 2026, a related Debtor, JMK5 Mall of the Mainland, LLC, represented to the Court that the buyer for its property withdrew its offer. *See* 26-80397, *In re JMK5 Mall of the Mainland LLC* ECF Nos. 75, 76. Upon information and belief, the buyer in that case was the potential buyer of the Abilene Property.

12. On August 27, 2026, First Bank of Texas filed a proof of claim for over $3.7 million. ECF No. 2-1. The claim is secured by the Abilene Property. Upon information and belief, First Bank Texas has purchased forced place insurance because it has never received proof of insurance.

13. Aside from the Trustee's motion, not much else has occurred on the docket. No cash collateral motion has been filed. No motion to sell has been filed. No plan has been filed. The Debtor is delinquent on filing operating reports.

**ARGUMENT**

14. Section 1112(b)(1) of the Code provides that the Court must dismiss or convert, whichever is in the best interests of creditors and the estate, if the movant establishes "cause" unless the Court determines that the appointment of a chapter 11 trustee or examiner is in the best interests of creditors and the estate.[1] 11 U.S.C. § 1112(b)(1).

15. Under section 1112(b)(4), "cause" includes:

> (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
>
> (C) failure to maintain appropriate insurance that poses a risk to the estate or to the public; [and]
>
> (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter . . . .

11 U.S.C. § 1112(b)(4).

16. The Debtor has no commercial general liability or property insurance on the Abilene Property worth $3.6 million. Maintaining appropriate insurance is a fundamental aspect of a debtor-in-possession's fiduciary duty. Section 1112(b)(4)(C) of the Bankruptcy Code provides that failure to maintain appropriate insurance constitutes cause to dismiss a case or

[1] Prior to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act ("**BAPCPA**"), the decision to convert or dismiss a chapter 11 case upon a showing of cause was discretionary. BAPCPA circumscribed a bankruptcy court's discretion by replacing "may" with "shall" and expressly mandating that the court dismiss or convert if the movant establishes cause. *See* 7 Alan N. Resnick, COLLIER ON BANKRUPTCY ¶1112.04[1] (15th ed. rev. 2009); *see also In re Gateway Access Solutions, Inc.*, 364 B.R. 556, 560 (Bankr. M.D. Pa. 2007) noting that under BAPCPA, the statutory language "has been changed from permissive to mandatory. The amendments to section 1112 limit the Court's discretion to refuse to dismiss or convert a chapter 11 case upon a finding of cause."

convert a case to chapter 7. Without insurance protection, bankruptcy estate is at risk of loss in the event of damage or injury.

17. Moreover, the Debtor is delinquent in its operating reporting depriving the parties the opportunity to evaluate the Debtor's financial condition and its ability to purchase an insurance policy.

18. But perhaps most importantly, because the Debtor failed to file a plan by August 31, 2026, 90 days from the Petition Date, First Bank Texas is entitled to relief from the automatic stay. *See* 11 U.S.C. § 362(d)(3). First Bank Texas asserts a claim of over $3.7 million, more than what the Abilene Property is worth. *Compare* ECF No. 11-1 at 6, Q. 55 *with* ECF No. 2-1. As a result, there is no chance of rehabilitation even through liquidation.

19. Based on the foregoing, the U.S. Trustee believes the case should be dismissed.

**EMERGENCY RELIEF REQUESTED**

20. Debtor is not covered by appropriate insurance. It is in the best interest of the estate and creditors for the Court to consider this Motion on an emergency basis. The Abilene Property is frequented by various parties and injuries or other damage could occur at any moment. Moreover, this basis for this relief is not a surprise to the Debtor. Accordingly, the U.S. Trustee respectfully requests the Court's Emergency consideration of this Motion on or before October 9, 2026.

[Signature Page Follows]

## PRAYER

WHEREFORE, the U.S. Trustee asserts cause exists to dismiss the case pursuant to 11 U.S.C. § 1112(b), and requests that the Court dismiss this case and for such other and further relief to which he may be entitled in law or equity.

Date: October 7, 2026

Respectfully Submitted,

KEVIN M. EPSTEIN
UNITED STATES TRUSTEE
REGION 7, SOUTHERN AND WESTERN
DISTRICTS OF TEXAS

By: */s/ Vianey Garza*

Vianey Garza, Trial Attorney
Tex. Bar No. 24083057/Fed. ID No. 1812278
515 Rusk, Suite 3516
Houston, Texas 77002
(713) 718-4650 – Telephone
(713) 718-4670 – Fax
Email: Vianey.Garza@usdoj.gov

## CERTIFICATE OF ACCURACY PURSUANT TO LOCAL RULE 9013-1(I)

I hereby certify the accuracy of the matters and facts set forth in the foregoing motion.

*/s/ Vianey Garza*
Vianey Garza

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2026 of the foregoing *Emergency Motion to Dismiss Case* was served upon all parties entitled to receive notice by CM/ECF.

*/s/ Vianey Garza*
Vianey Garza